## THE EVERETT.

### No. 17.

District Court, E. D. Pennsylvania.

Nov. 19, 1935.

E. Herman Fuiman, of Philadelphia, Pa., for plaintiff.

Shields, Clark, Brown & McCown, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

Briefs were requested giving relevant statute or rule provisions on the subject of the discontinuance of proceedings in admiralty. We have been supplied with none and have found none.

The Jones Act (section 33 [46 U.S.C.A. § 688]) gives to an injured seaman the right "at his election" to sue at law, in which case the provisions of the railroad employees act applies. This proceeding was begun by a libel in admiralty. The libelant, for reasons of his own, wishes to discontinue for the avowed purpose of bringing an action at law. The only analogue of which we know is that of an action at law. Theoretically discontinuance is by leave of court as indeed is every pleading not otherwise au-

thorized. Practically, however, the right to discontinue is treated as of course and no leave is granted or asked for. Ordinarily a defendant is not hurt by a withdrawal, although he may be, as it is averred he is here. We have been asked by the libelant to grant the leave without prejudice, and by the respondent to impose terms. We will not do either, but content ourselves with a mere grant of leave. What the effect will be the libelant must judge for himself. We will not impose costs to the respondent, as this would prejudge the merits of the cause.

Leave is granted to withdraw libel.